UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| David Dwayne Reese, ) | |
| ) | C/A No. 5:19-cv-02914-DCC |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| Warden Dobbs, ) | ORDER |
| ) | |
| Respondent. ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On November 8, 2019, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice because Petitioner failed to exhaust his administrative remedies prior to filing suit. ECF No. 16. Petitioner filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

In the Petition, Petitioner contends that the Bureau of Prisons is delaying the implementation of the First Step Act's good-time-credit fix and requests that he be granted 54 days of good-time credit. ECF No. 1-2 at 6–9. The Magistrate Judge determined that Plaintiff failed to exhaust his administrative remedies prior to filing the Petition. ECF No. 16 (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.")).

Petitioner does not object to the conclusion that he has not exhausted his administrative remedies as required by § 2241. Instead, Petitioner argues that he is not required to exhaust administrative remedies before filing a Petition regarding the First Step Act's good-time-credit fix. ECF No. 20 at 1. He contends that exhaustion is a prudential consideration and not a jurisdictional requirement. *Id.* Such a ruling would undermine one purpose of exhaustion which allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Petitioner also states that exhaustion is not required under 28 U.S.C. § 2255. ECF No. 20. To the extent Petitioner intended to bring this action pursuant to § 2255, this is not the proper Court for him to pursue that claim. *See* ECF No. 1-2 at 1 (listing the name of the sentencing court as the Middle District of North Carolina).

Accordingly, the Court adopts the recommendation of the Magistrate Judge. The Petition is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

January 17, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.